ALMIRA R. HUNT *vs.* HENRY C. GORTON.

PROVIDENCE—JUNE 25, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

In collateral proceedings the decree of a town council is *prima facie* sufficient,

and its jurisdiction is to be presumed (if it can exist) unless the contrary is affirmatively shown.

The burden of proving that such a decree is not valid is, in collateral proceedings, upon him who sets up its invalidity.

TRESPASS *quare clausum fregit* for removing a fence. Defendant pleaded that the *locus in quo* was a highway, that the fence mentioned was an obstruction thereto, and that he removed it in his capacity of highway surveyor of the town. Heard on defendant's petition for a new trial.

PER CURIAM. We are of the opinion that a new trial should be granted. The instruction of the court to the jury excepted to, that "the failure of the town council to adjudge it to be necessary to widen said highway, at the time of the appointment of said committee to widen, is a fatal defect, and renders the proceedings to lay out said highway void," should not have been given to the jury. Its effect was to deprive the defendant of the *prima facie* justification for his entry on the plaintiff's close which the decree of the town council for the lay-out afforded. This action being a collateral proceeding, the decree of the town council was *prima facie* sufficient. Gen. Laws R. I. cap. 248, § 7, provides : "No order or decree of a court of probate or town council, which may be appealed from, or in any collateral proceeding when the same shall not have been appealed from, shall be deemed to be invalid, or be quashed, for want of proper form, or for want of jurisdiction appearing upon the face of the papers, if the court or council had jurisdiction of the subject-matter of such order or decree." In *Angell* v. *Angell*, 14 R. I. 541, it was held that under this statute a judgment of a Probate Court was to be upheld as *prima facie* valid, even where the record did not show by allegations or recitals the existence of jurisdictional facts necessary to its validity. The court remarks (p. 544): "We think it fair to assume that the purpose of the statute (Pub. Laws R. I. cap. 181, § 5, of which Gen. Laws R. I. cap. 248, § 7, is a re-enactment) in this respect was to communicate to the judgments and decrees of our Probate Courts and town councils the pre-

sumptions which attach to the judgments and decrees of courts of superior jurisdiction, in regard to which the common law rule is that in collateral proceedings the jurisdiction will be presumed, if it can exist, unless the contrary appears." If, then, the town council did not adjudge the widening of the highway to be necessary, and such adjudication was necessary, which we do not determine, the burden was on the plaintiff to show it, since in the absence of such evidence the decree of the town council was to be taken as valid.

*Edward D. Bassett and Edward L. Mitchell*, for plaintiff.

*Stephen O. Edwards, Seeber Edwards and Walter F. Angell*, for defendant.